The plaintiff in error was the plaintiff below. The action there prosecuted was for the recovery for personal injuries caused by the plaintiffs falling into an open trench at the intersection of Liberty and Pleasant streets in the city of Cincinnati about 9 o’clock in the evening of May 30, 1902. The testimony indicates that the plaintiff was, at the time of the injury, in the act of crossing from the southeast to the northwest corner of the streets above mentioned. The place selected by him was along the line that pedestrians ordinarily took in crossing the street. While thus crossing, the plaintiff fell into a ditch dug by the Cincinnati Gas Company, that had been left in an unguarded condition, uncovered, and having no warning light or protection to indicate the existence of such trench.
The testimony tends to show that the plaintiff was unaware of the existence of the ditch. He says he saw no dirt or rubbish *249 or anything else that might have put him on his guard; that there were no boards or other covering placed on the trench. There was some testimony of witnesses of a corroborative character. There was testimony relating to the lighted condition of the street, showing that the trench was plainly visible by reason of an are light and the lighted windows of the stores of the merchants and those living in that vicinity. At the conclusion of the plaintiff’s testimony, the cause was on motion arrested from the jury upon the ground that the plaintiff’s testimony showed contributory negligence on his part.
We have read the testimony of the witnesses and are of the opinion that the situation as described did not present a state of facts indicating “a known defect or obstruction in the street over which the plaintiff was attempting to go”; but the court did find, as a matter of law, from the testimony, that the plaintiff was not in the exercise of due care under the circumstances of the case, ‘ ‘ a going .blindly forward without looking ahead. ’ ’
It is manifest that in a case of this character the city is required to keep its streets open and in a state of reasonable repair, and to keep them free from nuisance. And it is further the duty of the city when improvements are under way to have all excavations guarded or lights so placed as to warn persons in danger (Moon v. Middletown, 14 C. C., 498). This duty on the part of the city thus to keep its highways in repair has been held to have been fully complied with when streets are kept in a reasonably safe condition for the ordinary modes of travel, and they are not held liable “as insurers against accidents occurring upon their streets, and are held only to the exercise of reasonable caution and foresight in providing for the use of streets in the ordinary modes, and with ordinary care, by the traveler.” Dayton v. Taylor, 62 Ohio St., 15.
A reciprocal duty on the part of the traveler is made equally clear by decision and by the text-book writers. Negatively he can not close his eyes in crossing a street and rely upon the presumption that the city had done its duty as above stated and ‘ ‘ go blindly forward taking his life in his hand.” The pedestrian must exercise ordinary care and while such care does not require that one shall constantly keep his eyes upon the ground or *250 that he shall ever be watchful for unseen dangers possibly existing, yet the rule requires such a performance of duty and care for himself that he will not be excused in a given case from the use of “his faculties to discover dangers and protect himself from them as a prudent traveler should. ’ ’ 5 Thompson, Negligence, Section 6244, page 704.
C. J. Fitzgerald and Prescott Smith, for plaintiff in error.
Oulcalt & Hickenlooper, contra.
The rules above stated are not inconsistent with one applicable to a situation described by the testimony in the case. The plaintiff in error could rightfully assume an absence of knowledge to the contrary, or, in.the absence of visible obstructions or of some circumstance sufficient to put him upon inquiry, that the portion of the street intended for public travel was in a fit condition for such use; the law does not make it blameworthy in him not to anticipate the negligence in those whose duty it is to keep the highway in repair. It was therefore a duty for the jury under the circumstances to say yhether the city had performed the obligation herein referred to, and whether the injured traveler acted reasonably or proceeded in the exercise of reasonable care. Thompson, Negligence, Section 6238; Beach, Contributory -Negligence, Section 246a, and cases there cited.
It is a question therefore for the jury, under proper instructions, to say whether the plaintiff as shown by the testimony, was, under the rules here stated, in the exercise of ordinary care, or' whether he was guilty of such negligence in what he was shown to have done as would, under a prop.er charge, bar recovery.
For these reasons, we think that this case should have been submitted to a jury, and that the order of the court arresting the same from their consideration was erroneous, and therefore such judgment is reversed.